UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANJAY OM TEWARI,

                          Plaintiff,

                 -against-

LORI S. SATTLER,

                          Defendant.

22-CV-8840 (ALC)

ORDER OF DISMISSAL

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff brings this action *pro se*.[1] He asserts claims against Justice Lori Sattler of the Supreme Court of the State of New York, arising from her judicial actions in presiding over state court proceedings involving Plaintiff, his wife, and their children. Plaintiff invokes his rights under the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. The Court therefore construes the complaint as asserting claims, under 42 U.S.C. § 1983, for violations of his constitutional rights. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)(citation

---

[1] Plaintiff paid the filing fees to bring this action.

and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Although judicial immunity does not apply when a judge takes action "outside" her judicial capacity, or "in absence of jurisdiction," *Mireles,* 502 U.S. at 9-10, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge," *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

In addition to immunity from suit for damages, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff sues Justice Sattler for "acts arising out of, or related to, individual cases before [her]." *Bliven*, 579 F.3d at 210. Plaintiff alleges, for example, that Justice Sattler acted "without evidence" in issuing an *ex parte* temporary restraining order on August 4, 2021, and that his attorneys were barred from presenting exculpatory evidence during an August 12, 2021 hearing before Justice Sattler. (ECF 1 at 5.) Justice Sattler also allegedly refused to permit the creation of

a transcript of certain hearings that Plaintiff was not permitted to attend in person. (*Id.* at 6.) Plaintiff seeks damages and seeks injunctive relief requiring Justice Sattler "to remove all unfounded restraining orders and reunite plaintiff with his children." (*Id.*)

Plaintiff sues Justice Sattler for her judicial acts, and he fails to allege any facts showing that she acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. The Court therefore dismisses Plaintiff's claims against Justice Sattler because she is absolutely immune from suit for such claims. Plaintiff's claims against Justice Sattler are also deemed frivolous. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (holding, in the context of a complaint brought by a prisoner proceeding *in forma pauperis*, that "[a]ny claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [28 U.S.C.] § 1915(g).").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's claims against Justice Sattler are dismissed based on her absolute judicial immunity and as frivolous.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied

for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated:    December 9, 2022
          New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge